[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-1183

IN RE: ANDREW J. KEHOE; CATHERINE M. KEHOE,

Debtors,

_____

ANDREW J. KEHOE; CATHERINE M. KEHOE,

Debtors, Appellants,

v.

MEETINGHOUSE COOPERATIVE BANK;
GARY CRUICKSHANK, TRUSTEE,

Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge]

---

Before

Torruella, Chief Judge,
Selya and Boudin, Circuit Judges.

---

Andrew J. Kehoe and Catherine M. Kehoe on brief pro se.
David J. Reier and Schnader, Harrison, Goldstein & Manello
on brief for appellee Meetinghouse Cooperative Bank.

December 11, 2000

**Per Curiam**. We have read carefully the record in this case, including the briefs of the parties. We affirm the grant of summary judgment to appellees essentially for the reasons given by the bankruptcy court at the hearing held on January 14, 1999. We add only the following.

The Disclosure Statement, filed by debtors with the bankruptcy court and dated October 29, 1996, conclusively establishes that, one month prior to entering into the settlement agreement, the debtors were aware of the facts whose non-disclosure they now allege induced them to make that agreement. Their claim is therefore without merit.

Moreover, in light of this fact, the court below committed no cognizable error in not granting debtors' request for further discovery on this issue. See Morrisey v. Boston Five Cents Sav. Bank, 54 F.3d 27, 35 (1st Cir. 1995) (party seeking further discovery must show, inter alia, "a plausible basis for [a] belief that facts exist that would likely suffice to raise a genuine and material issue").

Finally, since appellees filed with the bankruptcy court an accounting of all payments they claim to have received and how those funds were credited, see Affidavit of Philip M. O'Connor, Exh. A, they appear to have satisfied any duty they might have had to render an accounting to debtors. Since debtors have not brought forth any competent evidence to challenge the accuracy of this accounting, the entry of summary judgment was appropriate.

Affirmed. See 1st Cir. Loc. R. 27(c).